**WESTFIELD INSURANCE COMPANY, Plaintiff,**

and

**Christopher and Shannon Scharmer, Involuntary Plaintiffs,**

v.

**J.C. PENNEY CORPORATION, INC., Liberty Mutual Insurance Company, Decor By Dene, Inc., Atlantic Mutual Insurance Company, Chau's Electrical Co., Ltd., and Federal Insurance Company, Defendants.**

No. 05–C–0622–C.

United States District Court, W.D. Wisconsin.

Oct. 18, 2006.

---

Werner Erich Scherr, for Plaintiffs.

Timothy A. Hawley, Sellpflug, Janssen, Hammer Kirschling & Bartels, S.C., De Pere, WI, Joseph M. Wirth, Piper & Schmidt, Emily B. Di Ulio, Borgelt, Powell, Peterson & Frauen, Milwaukee, WI, for Defendants.

## OPINION AND ORDER

CRABB, District Judge.

Plaintiff Westfield Insurance Company and involuntary plaintiffs Christopher and Shannon Scharmer bring this claim for monetary damages against defendants JC Penney Corporation, Liberty Mutual Insurance Company, Decor by Dene, Inc., Atlantic Mutual Insurance Company, Chau's Electrical Co., Ltd. and Federal Insurance Company. Plaintiffs allege that defendants are liable for their roles in producing and selling a lamp and cord that plaintiffs allege caused fire damage to involuntary plaintiffs' residence. Jurisdiction is present under 28 U.S.C. § 1332.

This case is scheduled for trial on November 13, 2006.

Presently before the court is defendant Atlantic Mutual Insurance Company's motion for summary judgment declaring that it has no duty to defend or indemnify Decor by Dene, Inc. I find that Atlantic Mutual does have a duty to defend Decor by Dene because plaintiffs' negligence claims, if proven, could give rise to liability that Atlantic Mutual would be obligated to pay on behalf of Decor by Dene. I decline to rule at this time on Atlantic Mutual's claim that it would have no duty to indemnify Decor by Dene if the jury finds that Decor by Dene "intended or expected" the involuntary plaintiffs' property to be damaged. Therefore, Atlantic Mutual's motion for summary judgment against Decor by Dene will be denied.

Finally, I note that Decor by Dene has not responded to this motion; therefore, I have accepted all facts proposed by Atlantic Mutual as undisputed. Because Atlantic Mutual has not proposed the necessary jurisdictional facts, I have relied upon plaintiffs' amended complaint for these facts. For the sole purpose of deciding this motion, I find the following facts to be material and undisputed.

## FACTS

### A. *Parties*

Plaintiff Westfield Insurance Company is incorporated under the laws of the state of Ohio and has its principal place of business in Ohio. At all times relevant to the complaint, plaintiff Westfield provided homeowners insurance to involuntary plaintiffs Chris and Shannon Scharmer.

Involuntary plaintiffs Chris and Shannon Scharmer are husband and wife. They are residents of the state of Wisconsin and own a residential property located in Beloit, Wisconsin.

Defendant JC Penney Corporation, Inc. is incorporated under the laws of the state of Delaware and has its principal place of business in Texas.

Defendant Liberty Mutual Insurance Company is incorporated under the laws of the state of Massachusetts, where it has its principal place of business. At times relevant to the complaint, defendant Liberty Mutual provided liability insurance to defendant JC Penney.

Defendant Decor by Dene, Inc. is incorporated under the laws of the state of New York, where it has a principal place of business.

Defendant Atlantic Mutual Insurance Company is incorporated under the laws of the state of New York and has its principal place of business in New Jersey. At times relevant to the complaint, defendant Atlantic Mutual provided liability insurance to defendant Decor by Dene.

Defendant Chau's Electrical Company, Ltd. is incorporated under the laws of the People's Republic of China. Its principal place of business is in Hong Kong.

Defendant Federal Insurance Company is incorporated under the laws of the state of Indiana and has its principal place of business in New Jersey. At times relevant to the complaint, defendant Federal provided liability insurance to defendant Chau's.

### B. *Procedural History*

Plaintiffs' amended complaint states two claims against defendants JC Penney, Decor by Dene, Chau and their respective liability insurers. The claims include strict products liability and negligence. On November 11, 2005, defendant Atlantic Mutual moved for bifurcation of the action and for the court to consider insurance coverage issues separately from liability issues. That motion was denied on November 22, 2005.

## C. *Insurance Policy*

For the policy period July 25, 1999 through July 25, 2000, Atlantic Mutual Insurance Company issued a general liability policy to Limelight, a Division of Decor by Dene. The policy number was 486–40–19–19. The policy provided liability limits of one million dollars per "occurrence," subject to a one million dollar general aggregate. An "occurrence" is defined in the policy agreement as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The policy agreement specified what types of events the policy covered. The relevant portions of the policy agreement stated:

SECTION 1—COVERAGES

COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

a. We will pay those sums the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result.

.    .    .    .    .

a. This insurance applies to "bodily injury" and "property damage" only if: (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;" and (2) The "bodily injury" or "property damage" occurs during the policy period.

.    .    .    .    .

2. Exclusions

This insurance does not apply to:

a. "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

## D. *Allegations in the Complaint*

Plaintiffs' amended complaint alleges that:

Involuntary plaintiffs purchased a lamp from the JC Penney catalog on or around January 1999. The lamp was designed and manufactured by defendant Decor by Dene; the electrical cord in the lamp was designed and manufactured by defendant Chau. On December 9, 1999, there was a fire at involuntary plaintiffs' home that caused property damages. The fire was caused by the failure of the lamp and its cord. As a result of property damages caused by the fire, plaintiff paid an amount in excess of $617,000 to and on behalf of involuntary plaintiffs. Decor by Dene was negligent in the design, manufacture and distribution of the lamp and cord and in its failure to warn of the defects and this was a cause of the damages.

Plaintiffs allege that Decor by Dene should be held strictly liable because the lamp and lamp cord were defective, unreasonably dangerous and not reasonably fit for the ordinary purposes for which they were sold and intended to be used. The defective condition of the lamp and cord existed when they were under the control of Decor by Dene and subsequently placed in the stream of commerce. Decor by Dene was aware of the defective and dangerous condition of the lamp and cord or should have been aware of the defective and dangerous condition. The defective condition arose out of the design and manufacture of the lamp and cord and Decor by Dene failed to provide adequate warnings about its dangerous condition. The lamp and cord were substantial factors in

causing the fire damage to the involuntary plaintiffs' residence.

## OPINION

### A. *Duty to Defend*

An insurer's duty to defend is determined by comparing the allegations within the four corners of the complaint to the terms of the insurance policy. *Smith v. Katz,* 226 Wis.2d 798, 806, 595 N.W.2d 345, 350 (1999). If the complaint includes allegations that if proven would result in a judgment the insurer would be required to pay, the insurer has a duty to defend. *School District of Shorewood v. Wausau Insurance Companies,* 170 Wis.2d 347, 364, 488 N.W.2d 82, 87 (1992). When evaluating whether a duty to defend exists, a court should construe the allegations of a complaint liberally and "must assume all reasonable inferences in the allegations of the complaint." *Fireman's Fund Insurance, Co. v. Bradley Corporation,* 2003 WI 33, ¶ 20, 261 Wis.2d 4, 660 N.W.2d 666 (internal citations omitted).

When a complaint contains multiple theories of liability, some of which are covered by an insurance policy and some of which are not, the insurer is obligated to defend the entire action if even one theory of liability appears to fall within the coverage of the policy. *School District of Shorewood,* 170 Wis.2d at 366, 488 N.W.2d at 88. Because duty to defend against any claim included in a complaint creates a duty to defend regarding the whole complaint. *School District of Shorewood,* 170 Wis.2d at 366, 488 N.W.2d at 88, I must consider only whether there is a duty to defend associated with any of the claims alleged in the complaint. Plaintiffs' complaint contains a claim in which plaintiffs allege that Decor by Dene was negligent in its design, manufacture and distribution of the lamp and cord and that this negligence was a cause of the damages to the Scharmers' home. To determine whether Atlantic Mutual has a duty to defend against this claim, I need not consider whether plaintiffs are likely to prevail on the merits. Rather, I must consider whether Atlantic Mutual could have a responsibility to indemnify Decor by Dene if the claim is successful. Decor by Dene's insurance policy agreement with Atlantic Mutual provides that Atlantic Mutual will "pay those sums the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." It specifies that the "insurance applies to 'bodily injury' or 'property damage'" that is caused by "an 'occurrence' that takes place in the 'coverage territory'...." "Occurrence" is defined as "an accident." Negligence is covered by insurance policies as an accident if "the insured did not expect of foresee the resulting damage." *Everson v. Lorenz,* 2005 WI 51, ¶ 16 n. 6, 280 Wis.2d 1, 695 N.W.2d 298, 304.

The fire at involuntary plaintiffs' residence falls squarely within the definition of "an accident" and thus was an "occurrence" in the parlance of the insurance policy agreement between Atlantic Mutual and Decor by Dene. *American Family Mutual Insurance Company v. American Girl, Inc.,* 2004 WI 2, ¶ 37, 268 Wis.2d 16, 673 N.W.2d 65 (2004) (noting that dictionary definition of "accident" is "an event or condition occurring by chance or arising from unknown or remote causes") (citing *Webster's Third New International Dictionary of the English Language* 11 (2002)). If plaintiffs prevail on their negligence claim, Decor by Dene would "become legal obligated to pay damages because of ... 'property damage'" caused by "an occurrence." Aside from monetary limitations, no exception in the insurance policy alters Atlantic Mutual's responsibility to indemnify Decor by Dene if plaintiffs prevail on their negligence claim. Because Atlantic Mutual would be liable if plaintiffs prevail on their negli-

gence claim, Atlantic Mutual has a duty to defend Decor by Dene with respect to this claim and for other remaining claims.

### B. *Duty to Indemnify*

■ The second question posed by Atlantic Mutual's motion for summary judgment is whether, if the jury finds that the property damage to the involuntary plaintiffs was expected or intended by Decor by Dene, Atlantic Mutual will have a duty to indemnify Decor by Dene. For the duty to indemnify to arise, two conditions must be met. *See, e.g., Elliott v. Donahue*, 169 Wis.2d 310, 320–21, 485 N.W.2d 403 (1992). The claim must fall within the terms of the insurance policy agreement and a court must find the insured liable on this claim. *Id.*

■ As discussed above, plaintiffs' claims relate to property damage that may give rise to a finding of liability against Decor by Dene. If the jury reaches this conclusion, the only reason that Atlantic Mutual would not have a duty to indemnify Decor by Dene is if the conduct giving rise to the property damage falls within an exclusion to the policy coverage. The insurance policy agreement between Decor by Dene and Atlantic Mutual excludes from coverage property damage that was "expected or intended." Under Wisconsin law, "an intentional acts exclusion precludes insurance coverage only where the insured acts intentionally and intends some harm or injury to follow from the act." *Raby v. Moe*, 153 Wis.2d 101, 110, 450 N.W.2d 452 (1990). Intent may be inferred in situations where a reasonable person would have known that a particular outcome was "substantially certain" to follow an action. *Id.* at 111, 450 N.W.2d 452.

■ Because the duty to indemnify in this case is contingent on a hypothetical finding of liability, this is not a question that must be addressed at this time. Whether a jury could find that Decor by Dene intended or expected the property damage to involuntary plaintiffs' home is a factual determination that is not readily apparent from the facts proposed by Atlantic Mutual; instead, it will depend on what facts are developed at trial. Therefore, the question whether Decor by Dene intended or expected the damages to involuntary plaintiffs' home may be posed to the jury directly. Although Atlantic Mutual points out correctly that courts do issue declaratory rulings regarding the duty to indemnify (and, in fact, this court has issued such rulings), this situation is distinct. Atlantic Mutual does not ask the court to assess whether an entire claim, by definition, falls within the coverage of the insurance policy agreement. Rather, Atlantic Mutual asks whether, if the jury reaches a specific determination, it has a duty to indemnify Decor by Dene.

### ORDER

IT IS ORDERED that defendant Atlantic Mutual Insurance Company's motion for summary judgment against defendant Decor by Dene is DENIED.